Laing v. United New Jersey R. R. & C. Co.    *54 N. J. L.*

EDEN LAING, PLAINTIFF IN ERROR, v. THE UNITED NEW JERSEY RAILROAD AND CANAL COMPANY, DEFENDANT IN ERROR.

1. In order to render the opinion of a witness competent evidence, he must appear to have special knowledge on the subject of inquiry.
2. An ordinary real estate agent is not competent to give his opinion as evidence upon the value of the private title in a strip of land lying in a public highway and separated by the street from private property.
3. An ordinary real estate agent is not competent to give his opinion as evidence upon the damages which should be paid to the owner of the abutting property, on the condemnation of such a strip for railroad purposes.
4. The public easement in a highway is not extinguished by the use of the highway for railroad purposes.
5. On an inquiry as to the value of land, evidence of sales of other land in the neighborhood is competent only when there is substantial similarity between the properties, and much must be left to the discretion of the trial judge, in the determination of the preliminary question whether the conditions are such as easily to admit of reasonable comparison.

On error to the Union Circuit Court.

For the plaintiff in error. *Benjamin A. Vail.*

For the defendant in error, *William S. Gummere.*

The opinion of the court was delivered by

DIXON, J.    The United New Jersey Railroad and Canal Company having taken steps to condemn for its use a strip of land about eleven and a half feet wide and about one hundred and ten feet long, lying towards the middle of Railroad avenue, in the city of Rahway, and about thirty feet from the side of the street, an issue was framed in the Circuit Court of Union county to try—*first*, what was the value of the land so taken by the company from the plaintiff in error, who owned the fee of the same subject to the public use; and, *second*, what were the damages which, by reason of the taking, he sustained

as owner of the adjoining premises on the corner of Milton and Railroad avenues.

The object of the present writ of error is to determine the correctness of the rulings of the trial court upon questions of evidence.

By these rulings the opinion of an ordinary real estate agent as to the value of the land taken and as to the damage done to the residue of the plaintiff's property was excluded, and testimony as to what the company had paid for land and damages to other owners in the neighborhood was also excluded.

First, we will consider the rejection of the witness' opinion.

The principle upon which the opinion of a witness is received as evidence is well stated by the Chief Justice in *Pennsylvania and Poughkeepsie R. R. Co. v. Root*, 24 *Vroom* 253. The witness must be an expert on the subject of inquiry, "and his opinions have no place in the judicial investigation except by reason of such *status*. Within the sphere of his special knowledge he is competent to express his opinion ; beyond that reach he is not competent. Such is, beyond question, the general rule ; none but experts on the given subject can, in any course of law, express their estimate of the value of anything real or personal."

Now, the subjects of inquiry at the trial below were—*first*, the value of the private title in the strip of land forming part of the public highway ; and, *second*, the damage done to the plaintiff's property by appropriating that strip to railroad purposes.

On neither of these points had the witnesss any special knowledge. He was specially conversant with the value of land in the possession of private owners, because his usual business brought inquiries and negotiations for the sale of such lands under his frequent observation. But it is safe to say that he had never known of a transaction for the sale of the private estate in a separate piece of land lying in a public street ; certainly he did not claim experience in dealings of that character. Such an estate can have but little value, ex-

cept as the land may be available for vaults, awnings, &c., in connection with the private land adjoining it.  *Hoboken Land and Improvement Co.* v. *Mayor, &c., of Hoboken,* 7 *Vroom* 540, 551 ; *Sullivan* v. *North Hudson R. R. Co.,* 22 *Id.* 518, 543.  Situate as this strip was, about thirty feet from the plaintiff's private land, it had in itself no elements of utility. Evidently the witness could not have acquired from experience any peculiar knowledge of its market value.  *Boston and Worcester R. R. Co.* v. *Old Colony and Fall River R. R. Co.,* 3 *Allen* 142.

But it is urged by counsel for the plaintiff in error that in other states a more liberal rule is applied respecting the opinions of witnesses as to the value of real estate, under which the estimates of any persons who are acquainted with the property, its location and surroundings, are admissible evidence.  The cases cited do not support this contention, and if they did they should not be followed.  The worthlessness of such testimony is hardly a stronger reason for its rejection than the practically limitless amount of it that might be produced.

Counsel further insists that the real question at the trial was, not the value of the fee subject to the public easement, but the value of the absolute fee simple, the public easement being extinguished by the appropriation of the land to railroad purposes.  The difficulty with this suggestion is that no such extinguishment is shown.  It only appears that the company is condemning the right, as against the plaintiff, to use the land for its railroad.  The acquisition of that right will not bar the public right.  And though the public should remain quiescent, leaving the company to take exclusive possession of the land, the public right would not be extinguished, for adverse user will not destroy the public easement in a highway. *Jersey City* v. *Morris Canal Co.,* 1 *Beas.* 547 ; *Gross* v. *Mayor of Morristown,* 3 *C. E. Gr.* 305 ; *Hoboken Land and Improvement Co.* v. *Mayor, &c., of Hoboken,* 7 *Vroom* 540.  The real question, therefore, at the trial was, as we have treated it, the value of the private title subject to the public servitude

With regard to the damage resulting to the plaintiff's property from the conversion of this strip into a railroad bed, the witness was equally inexpert.    It depended upon circumstances which in great measure were peculiar to that property, and which, when laid before the jury, could be appreciated by them as accurately as by the witness.    Not only the narrowing of the street, but the greater risk of fire and the increased noise, dust and smoke occasioned by the nearer approach of passing trains, were matters to be considered in view both of the use then made of the property and the probable future uses.    On such subjects, said the Chief Justice in the case first cited, " No person can claim to be an expert.    *    *    *    All men stand on the same footing, for each case that arises must necessarily be differently conditioned."    To the same purport is the language of Mr. Justice Knapp in *Thompson* v. *Pennsylvania R. R. Co.*, 22 *Vroom* 42.

The opinions of the witness were rightly overruled.

Testimony as to the price paid by the company to other owners for land and damages was inadmissible for reasons suggested by what has been already said.

If the land so purchased was situated as this was, its value was small, and the sum paid must have been principally for damages.    As the damages chiefly result from conditions which are peculiar to each piece of property, what was paid in one case would ordinarily throw no light on what ought to be paid in another.

Generally in this and other states (*Lewis Em. Dom.*, § 443) evidence of sales of land in the neighborhood is competent on an inquiry as to the value of land, and if the purchases or sales were made by the party against whom the evidence was offered it might stand as an admission.   *Wyman* v. *Lexington, &c., R. R. Co.*, 13 *Metc.* 316.    But such testimony is received only upon the idea that there is substantial similarity between the properties.    The practice does not extend, and the rule should not be applied, to cases where the conditions are so dissimilar as not easily to admit of reasonable comparison, and much must be left to the discretion of the trial judge in the

determination of the preliminary question whether the conditions are fairly comparable. *Chandler* v. *Jamaica Pond' Aqueduct Co.*, 122 *Mass.* 305. In the present case the trial judge had no reason to think that the compensation paid by the company to other owners formed a rational standard for the adjustment of the plaintiff's claim.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, DIXON, GARRISON, MAGIE, REED, SCUDDER, WERTS, BOGERT, BROWN, SMITH, WHITAKER.    11.

*For reversal*—None.