W. A. MANDA, INCORPORATED, PLAINTIFF IN ERROR, v. THE CITY OF ORANGE, DEFENDANT IN ERROR.

Submitted December 11, 1911—Decided March 5, 1912.

1. In order to permit a comparison of properties as to their values, the rule is that they must be substantially similar in conditions.
2. Whether similarity in fact exist, in order to make the comparison admissible, is a preliminary question to be decided by the court, and if there be any evidence to uphold the decision of the court, its ruling, admitting such evidence in its discretion, will not be disturbed by a court of review.

3. The rule fixing the compensation which a landowner is entitled to receive in condemnation proceedings, laid down in *Currie* v. *Waverly and N. Y. B. R. R. Co.*, 23 *Vroom* 381, limits the proof to the present condition of the land and uses to which it is naturally adapted, but excludes speculative and possible uses if improvements and changes were made.

On error to Essex County Circuit Court.

For the plaintiff in error, *Vredenburgh, Wall & Carey.*

For the defendant in error, *William A. Lord.*

The opinion of the court was delivered by

VOORHEES, J. The judgment that has been brought by writ of error to this court for review was entered in the Circuit Court of Essex county upon a feigned issue framed upon an appeal from the award of commissioners in condemnation proceedings. The jury awarded the plaintiff in error, the landowner, $1,000 damages "for the right and privilege to lay down, repair, replace and forever maintain a water pipe or pipes in, over and across the lands of the plaintiff."

The errors assigned relate to the admission and rejection of evidence, and to the charge of the court. The first presented in argument is thus set forth, "evidence of what was paid for adjoining lands is not admissible unless it be shown that such lands were purchased under precisely similar circumstances, and that there were no qualifying conditions."

We are referred by the briefs to a question put to a real estate broker of some thirty years' experience, familiar with the property in question, who had previously bought up a right for a joint sewer running through property adjoining that under consideration. The question was, "What did you pay Mr. Manda for the right of way for the sewer?"

Objection was made to this evidence on the ground that the two rights of way were so entirely dissimilar that they ought not to be compared. The witness had stated that the two properties through which the rights of way ran were

"about the same," and the court permitted the witness to answer.

In order to permit a comparison of properties as to their values, the rule is that they must be substantially similar in conditions. *Laing* v. *United New Jersey Railroad,* 25 *Vroom* 576. This principle is recognized in *Brown* v. *New Jersey Short Line Railroad Co.,* 47 *Id.* 795. Whether similarity in fact exist, in order to make the comparison admissible, is a preliminary question to be decided by the court, and if there be any evidence to uphold the decision of the court, its ruling, admitting such evidence in its discretion, will not be disturbed by a court of review.

In fact such preliminary or incidental questions addressed to the discretion of the judge to determine the admissibility of a given piece of evidence arise in numerous cases, among them the qualification of a witness (*Den* v. *Van Cleve,* 2 *South.* 589, 652); voluntariness of a confession (*State* v. *Zeller,* 48 *Vroom* 619); the belief of impending death in a declarant (*State* v. *Monich,* 45 *Id.* 522; *State* v. *Tomassi,* 46 *Id.* 739); absence from the jurisdiction of a subscribing witness; the loss of an original writing (*Johnson* v. *Arnwine,* 13 *Id.* 451); the qualifications of an expert witness (*N. J. Zinc and Iron Co.* v. *Lehigh Zinc, &c., Co.,* 30 *Id.* 189; *Burns* v. *Del. & Atl. Tel. Co.,* 41 *Id.* 745). So, too, the determination of the similarity of the conditions of lands sought to be compared with other lands is an incidental question for the court to decide in the exercise of its discretion, and if there be any evidence to support the ruling, it remains unreviewable. It was so held in this court in *Brown* v. *N. J. Short Line Railroad Co., supra.*

There was ample evidence here to justify the judge in his conclusion that there was substantial similarity in the two rights of way, to make them proper standards of comparison, to aid the jury in ascertaining the compensation to be awarded, and therefore the admission of this testimony may not be assigned for error.

The exclusion of testimony to show what expense would be necessary to drain the property in order to render it

suitable for building purposes, and the cost of building streets through it, including grading, macadamizing, sewering, guttering and flagging, is alleged for error.

It is argued that such testimony is requisite in order to show the true value of the land taken, because that value is not of the land in a waste state but which might be reasonably given to it by perhaps a slight expenditure.

While the rule is that the landowner is entitled to receive the "fair price for any use for which it has a commercial value of its own in the immediate present, or in reasonable anticipation in the near future" (*Currie* v. *Waverly and N. Y. B. R. R. Co.*, 23 *Vroom* 381), yet that concerns the present market value, having the reasonably anticipated use in view, quite a different matter, however, from laying out the property in lots upon a map, estimating the costs of putting upon it the improvements of a city and calculating what the value would be if such improvements were actually made. Such proof was condemned in *N. J. R. & T. Co.* v. *Suydam*, 2 *Har.* 25, and also in *National Docks* v. *Pennsylvania Railroad* (*in the Supreme Court*), 28 *Vroom* 265, where, in a dissenting opinion, Mr. Justice Lippincott made use of this argument:

"The jury cannot say what the abutments would cost at some future period of time. Neither the court nor the jury could determine this, and it cannot be of value in the proper determination of the amount of damage to know what some particular structure if built upon a certain site would cost now, and it is beyond question that the court and jury are to determine judicially what are now the present value of the land and the present damages sustained by the taking."

The reasoning of the learned justice commends itself to us.

The rule limits the proof to the present condition of the land and uses to which it is naturally adapted, but excludes speculative and possible uses if improvements and changes were made. *Lew. Em. Dom.* (*3d ed.*), § 709, where the cases are collected. There was no error in the exclusion of the evidence.

The other assignments of error have been considered and have been found to be without merit, either because falling within the scope of those already dealt with, or because there were no exceptions to support them, or as to those resting upon requests to charge, because the court had in substance instructed the jury as requested.

Finding no error the judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 16.

*For reversal*—None.