CAROLYN FAULKS ET AL., PROSECUTORS, v. BOROUGH OF ALLENHURST, DEFENDANT.

Argued January 20, 1938—Decided July 22, 1938.

Before Justices CASE and DONGES.

For the prosecutors, *Lindabury, Depue & Faulks, Lester C. Leonard* and *Walter D. Barker.*

For the defendant, *Richard W. Stout* and *William J. O'Hagan.*

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* was allowed to review certain condemnation proceedings instituted by the borough of Allenhurst, in Monmouth county. The writ brings up an order appointing condemnation commissioners, an ordinance of the borough which is a supplement to an ordinance passed in 1929 authorizing the construction of certain additions to the sewer system, and a resolution of the board of commissioners of the borough in pursuance of the proceeding.

Prosecutrix, Mrs. Faulks, is the owner of a house and lot fronting on Elberon avenue at the beach in Allenhurst. The lot extends along Elberon avenue for a distance of two hundred and two feet from the high water mark. In 1929, pursuant to the order of the State Board of Health, the borough undertook to chlorinate the sewage which it was discharging into the Atlantic ocean through a pipe running under the street in Elberon avenue and extending one thousand feet into the ocean. It constructed in the street in front of prosecutrix' property a chlorination house above the surface of the street and a tank or chamber below the surface. Prosecutrix took no steps to attack the ordinance providing for this construction, although she was then the owner and occupant of the property. She did successfully attack an ordinance of the adjoining municipality, Ocean township, when it proposed to erect such a structure in the other half of Elberon avenue, the center line of that avenue being the dividing line between the municipalities. See 9 *N. J. Mis. R.* 1048.

On July 21st, 1933, Mrs. Faulks brought an ejectment suit against the borough and judgment against her was entered in the Supreme Court. On appeal to the Court of Errors and Appeals, this judgment was reversed and the result was that a judgment of ouster against the borough was entered on November 7th, 1935. The opinion of the Court of Errors and Appeals suggested that the rights of prosecutors to the fee of the land in the street might be the subject of condemnation (see 115 *N. J. L.* 456) and this proceeding resulted.

The first point is that the borough has no authority to acquire by eminent domain the land sought to be condemned,

because (a) the land sought to be condemned is already devoted to public use as a public highway. There can be no doubt, we think, that the fee to the land in question is in the prosecutors and that it is subject to the right of the community at large and the public to use the land in question as a public highway, the purpose to which it is dedicated. *Trustees of M. E. Church* v. *Hoboken,* 33 *N. J. L.* 13. But we do not perceive that the right of the borough to maintain this structure in the street as against the right of the public to use the *locus* as a public highway may be raised in this condemnation proceeding. The borough here seeks to subject a right or interest of the prosecutors in lands to the right of the borough to use the lands for a public purpose. What will be acquired by the condemnation is not a fee-simple, but the right to use the land for the stated purpose as against any right of the prosecutors. *Camden Forge Co.* v. *County Park Commission,* 14 *N. J. Mis. R.* 626.

In *Pennsylvania Railroad Co.* v. *National Docks Co.,* 57 *N. J. L.* 86, this court said:

"The next objection to the proceeding is that the land lies in a public street of Jersey City and that the condemning company intends to cross it in such a way as will exclude ordinary travel, and be, as against the public, illegal. The condemning company insists that the street has been lawfully vacated and the land is mere private property. Which is right in this contention need not now be decided, for the object of the present proceeding is merely to render the estate of the prosecutors, whatever it is, subject to the defendant's right to cross the land. In fixing the compensation which the prosecutors are to receive, the character of their title will, of course, be matter for consideration, but it does not at all affect the power of the defendant to acquire a right of crossing against that title. *Laing* v. *United New Jersey Railroad and Canal Co.,* 25 *Vr.* 576, 578. The mode, and even the possibility, of enjoying the right may depend on the existence or non-existence of the public easement, but, as the prosecutors are, under this proceeding, to be compensated for any mode of crossing now lawful, or which may become lawful in

the future (*National Docks Co.* v. *United Companies,* 24 *Id.* 217), they can suffer no wrong by the condemnation."

This reasoning seems to us to be applicable to the situation presented by the writ before us. It may very well be that the borough will have no right to maintain the structure in the street after the consummation of these proceedings. Certainly the right of the public to use the street will not be affected by the proceedings in condemnation. The right to subject prosecutors' interest in the fee to a public use seems clear. We are of the opinion there is no merit in this contention.

It is next argued under this point that (b) the land sought to be acquired is for a general municipal improvement and cannot be acquired under the Eminent Domain act of 1900. This is predicated upon the assumption that the borough was proceeding under article XX of the Home Rule act of 1917, which article provides a method of proceeding in condemnation different from that outlined in the general act. It is true that article XX contains authority for such an improvement as this one. But it is likewise true that article XXI, which is devoted entirely to the subject of sewers and drains, also provides authority for the improvement. That section is silent as to procedure, so the Eminent Domain act applies. In the absence of any reason why section XX must be used, we see no reason why the borough should not be permitted to treat the improvement as one under section XXI if it so desires.

The next point is that the petition for the appointment of commissioners does not show the essential jurisdictional facts. We think, however, that it does. *Camden Forge Co.* v. *County Park Commission, supra.*

The last point is that the proceeding to condemn, being expressly limited to the land without the improvements, is illegal and should be set aside. The contention is that the structures illegally placed in the street have become attached to the freehold and the prosecutor as owner of the fee has an interest therein. We see nothing in the order under review, or in the petition, which in any way limits the proof

of the prosecutors as to the value of their interest in the lands. This question may become a matter for future determination, but they are not precluded from raising such contention by the order appointing commissioners.

The writ of *certiorari* will be dismissed, with costs.