Anderson *v.* Department of Highways,
Appellant.

Argued March 22, 1966. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*George R. Specter,* Assistant Attorney General, with him *Andrew Wilson Green, William R. Mosolino* and *Guy S. Mamolito,* Assistant Attorneys General, *Michael R. Deckman,* Principal Right of Way Counsel, *John R. Rezzolla,* Chief Counsel, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellant.

*Michael Halliday,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, June 24, 1966:

The Commonwealth, in the exercise of its power of eminent domain, condemned certain land of appellees in Mercer County. The parties being unable to agree on the damages for the taking, a partial payment to the condemnees was made and they petitioned for the appointment of viewers. The viewers awarded $22,000 for the taking, with no award of damages for detention. The Commonwealth appealed the viewers' award and the matter was heard at a jury trial. The jury verdict was in the amount of $20,000 and, again, there was no award for detention damages. After denial of the Commonwealth's motion for a new trial and entry of judgment on the jury verdict, the Commonwealth appealed to this court.

The Commonwealth argues that the trial court erred (1) in refusing to allow the condemnee and his expert valuation witness, who had both testified as to the value of the property after the taking, to be cross-examined on a bona fide offer to purchase a year and a half after the taking, and (2) in refusing to withdraw a juror on the ground of improper remarks made by plaintiffs' counsel in his closing address to the jury, and (3) in refusing to withdraw a juror because the motion was not made timely.

The Commonwealth, at argument, waived 2 and 3 above, presenting for our consideration its contention under 1. We find no error by the trial court.

At trial, appellees' valuation expert testified to a before value of $35,000 and an after value of $5,000. Mr. Anderson testified to a before value of $40,000 and an after value of $5,000. The Commonwealth attempted, on cross-examination of each, to determine whether either or both were aware of an offer to purchase the property for $10,000, made approximately a year and a half after the condemnation. The Commonwealth offered this evidence in an attempt to impeach the credibility of these witnesses as to the after value of the property. The trial court properly refused to allow this line of inquiry.

The damages for the taking are determined by ascertaining the difference between the fair market value of the property *immediately* before and *immediately* after the condemnation. The court below aptly stated that: "It has long been held that the amount of an offer is not admissible for any purpose. Kelly v. Redevelopment Authority, 26 Pa. D. & C. 2d 662, affirmed per curiam, 407 Pa. 415, 180 A. 2d 39. It should also be noted that in the instant case, the alleged offer was received a year and a half after condemnation. Certainly it was within the discretion of the trial court to dismiss this question on the grounds of relevancy. The key time is the date of condemnation, not the date of construction. It is well known that after the bulldozers and the cement trucks move in to create their modern 'ribbons of moonlight over the purple moor' that the prices offered for fortuitously located lands rise spectacularly. This does not reflect the market value on the date of condemnation, for at that moment the economic catalyst has not begun to function. In fact, it is not yet in existence. Thus, it is the changing economic conditions which make the offer irrelevant. See: Ward v. Commonwealth, 390 Pa. 526."

It may further be noted that the proposed line of inquiry would introduce wholly collateral issues as to the bona fides of the alleged offer, the conditions under which and by whom it was made and all of a host of other unrelated issues, as distinguished from an offer to sell by the property owner.*

Finding neither an abuse of discretion nor an error of law which controlled the outcome of the case, we will not disturb the action of the court below in refusing a new trial.

Judgment affirmed.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

The new Eminent Domain Code provides:

"(2) A qualified valuation expert may testify on direct or cross-examination in detail as to the valuation of the property . . . which testimony may include but shall not be limited to the following: (i) The price and other terms of any sale or contract to sell the condemned property or comparable property made within a reasonable time before or after the date of condemnation." Act of June 22, 1964, P. L. 84, §705 (Spec. Sess.), 26 P.S. §1-705.

The new Code changes the law to permit testimony as to value after condemnation. In *Kelly v. Redevelopment Authority of Allegheny County*, 26 Pa. D. & C. 2d 662 (1961), aff'd per curiam, 407 Pa. 415, 180 A. 2d 39

---

* Cf. *Durika v. Derry Twp. School Dist.*, 415 Pa. 480, 484, 203 A. 2d 474 (1964), where it was held proper on cross-examination of property owner to show the price at which he had been willing to sell his property three years before the condemnation. See also Eminent Domain Code, Act of 1964, Special Sess. June 22, P. L. 84, 26 P.S. §1-705(2) (1965) Sup. An offer to buy from *owner* and *sale* or *contract* to sell. See comments by Edward L. Snitzer, Pennsylvania Eminent Domain, pp. 401, 402. The price and other terms of any sale or contract to sell the condemned property or comparable property made within a reasonable time before or after the date of condemnation.

(1962), the value testified to was the value of the condemned premises on a date six years and seven months prior to the condemnation. Since here the offer was made to the owners only a year and a half after the taking, the amount offered is highly probative not only to establish value at the time of taking but also to challenge the credibility of the witness and lessen the weight of his testimony. Therefore, I would find the exclusion of the attempted cross-examination error and would grant a new trial.