The STATE of Delaware upon the relation of Henry T. PRICE et al., constituting the State Highway Department of the State of Delaware, Plaintiff Below, Appellant,

v.

PARCEL NO. I—I.6401 ACRES OF LAND, Be the Same MORE OR LESS, Situate IN the CITY OF DOVER, EAST DOVER HUNDRED, KENT COUNTY and State of Delaware, Parcel No. 2—0.3563 Acres of Land, Be the Same More or Less, situate in the City of Dover, East Dover Hundred, Kent County and State of Delaware, Parcel No. 3—0.1141 Acres of Land, Be the Same More or Less, situate in the City of Dover, East Dover Hundred, Kent County and State of Delaware, and Ralph F. Spence and Elsie Spence, his wife, and Pearl E. Pippin and Robert Pippin, her husband, and Mabel B. Griffith, Widow, Defendants Below, Appellees.

Supreme Court of Delaware.

May 13, 1968.

Joshua M. Twilley, of Twilley & Maybee, Dover, for plaintiff below, appellant.

Roy S. Shiels, Dover, for defendants below, appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

This is an appeal by the State Highway Department from an award in a land condemnation case. The two questions we are called upon to decide are: (1) is an unaccepted offer to purchase nearby land admissible as evidence of market value of the land involved in the taking; and (2) was the issue of reasonable probability of rezoning properly submitted to the condemnation commission?

This is a partial-taking case. The Trial Court admitted the following evidence adduced by the Owners over objection by the Department: many months before the taking, a prospective purchaser signed a contract for two acres of land, at $10,000. per acre, and made a deposit of earnest money thereunder. The land covered by the contract was not part of the tract involved in the condemnation; it was located some distance away. The contract was never signed by or for the owners; it was soon abandoned because of a "general lack of agreement" among the heirs of the estate owning the property. The witness so testifying was a real estate broker involved in the transaction.[1]

There was thus admitted, as evidence of market value of the land taken, an unaccepted offer made by a third party for the purchase of nearby land.[2] This was error, in our judgment, by virtue of the generally prevailing rule, which we adopt, that evidence of an unaccepted offer to buy[3] is not admissible upon the issue of market value in a condemnation case.

That this is the rule established by the great weight of authority is unquestionable. See Annotation, 7 A.L.R.2d 782–857; 5 Nichols on Eminent Domain (3d Ed.) § 21.-4(1); 1 Orgel on Valuation under Eminent Domain (2d Ed.) § 148; 27 Am.Jur. (2d) "Eminent Domain" § 428; City of East Orange v. Crawford, 78 N.J.Super. 239, 188 A.2d 219 (1963); State Roads Commission v. Kuenne, 240 Md. 232, 213 A.2d 567 (1965); Anderson v. Commonwealth Department of Highways, 422 Pa. 1, 220 A.2d 643 (1966).

The cases reflect the following as the prime reasons that have brought about the exclusion of unaccepted offers to buy as evidence of value: (1) Such evidence is too often uncertain, speculative, conducive to fabrication, otherwise unreliable, and dependent upon fortuitous circumstances. E. g., Sharp v. United States, 191 U.S. 341, 24 S.Ct. 114, 48 L.Ed. 211 (1903); Hine v. Manhattan R. Co., 132 N.Y. 477, 30 N.E. 985 (1892). (2) Such evidence injects collateral inquiries tending to confuse the issue. E. g., Central Pacific R. Co. v. Pearson, 35 Cal. 247 (1868); Fowler v. Middlesex County Comrs. (Mass.) 6 Allen 92 (1863). (3) Such evidence usually does not afford an opportunity for cross examination of the offeror. E. g., Erceg v. Fairbanks Exploration Co. (9 Cir., 1938) 95 F.2d 850.

Upon the basis of such reasoning, the majority view has developed that an unaccepted offer for land amounts to hardly more than the opinion as to value of one person of unproved qualifications, and constitutes a class of evidence much safer rejected than received. We agree, and hold that an unaccepted offer to buy, whether by a third party or the condemning authority, is inadmissible in a condemnation case.

The Owners point to State ex rel. State Highway Department v. Improved Parcel of Land, 5 Storey 487, 188 A.2d 513 (1963) wherein the Superior Court expressed approval of the minority Illinois rule making an unaccepted offer to buy admissible within the discretion of the Trial Judge. See 7 A.L.R.2d 798, et seq. We must disapprove that rule, however, for the reasons stated.

The Owners also seek to avoid the force and effect of the rule we here adopt by contending that the contract in the instant

1. We do not reach the hearsay problem which may be involved in such situation. See 7 A.L.R.(2d) 813.

2. This is not to imply that an offer to buy by the condemning authority is admissible upon the issue of value. See Wilmington Housing Authority v. Harris, 8 Terry 469, 93 A.2d 518, 523 (1952). Nor is there any emphasis upon the fact that the offer covered nearby land rather than the land involved in the condemnation. As will be seen, the rule barring offers to buy applies to both.

3. There is emphasis upon the fact that an offer to buy, and not an offer to sell, is here under consideration. The latter may give rise to a different rule. See 7 A.L.R. 2d 795–797. 814–818.

case, signed by the prospective purchaser only, was an "unconsummated sales agreement"; that, as such, it was outside the scope of the rule governing unaccepted offers to buy, citing City of East Orange v. Crawford, supra, and United States v. Certain Parcels of Land (3 Cir., 1944) 144 F.2d 626. This contention is without substance. An unconsummated sales agreement, within the meaning of the cited cases, is, in the first place, a contract executed by both parties; secondly, it involves the land taken and none other; and finally, it is unconsummated in the sense that one of the parties failed to perform under the executed agreement, usually because of the condemnation proceeding itself. Compare Virgin Islands Housing Authority v. 15.-5521 Acres of Land (D. C., Virgin Islands) 230 F.Supp. 845 (1964); Wolff v. Commonwealth of Puerto Rico (1 Cir., 1965) 341 F.2d 945. The ineffectiveness of the contention of the Owners in this regard is apparent. The paper signed by the prospective purchaser in the instant case was nothing more than an unaccepted written offer to buy. For the reasons stated, it was error to admit evidence in connection therewith.

■ That this error was prejudicial is obvious: the area taken in this partial-taking case was 1.64 acres; the area remaining was 20.61 acres. There were four expert witnesses whose opinions as to the diminishment of value, on the before-and-after basis, ranged from $8,200. to $33,771. The latter figure was established by the broker who testified regarding the offer at $10,000. an acre. The award was $19,-000. Under these circumstances, we cannot say that the error was harmless.

Accordingly, the judgment below must be reversed and the cause remanded for new trial.

For guidance at the retrial, we discuss briefly the Department's second ground of appeal:

At the trial, the issue of reasonable probability of rezoning of the land involved in the taking, from residential to commercial, was submitted to the condemnation commission under an appropriate charge. See Board of Education of Claymont Special School District v. 13 Acres of Land, etc., 11 Terry 387, 131 A.2d 180 (1957). The Department contends that there was insufficient evidence of such probability to warrant submission of the issue to the commission. We disagree.

■ The Owners adduced the testimony of an expert witness who stated that the highest and best use of the property was commercial or industrial; that a non-conforming commercial use of part of the property had been made for some time; that he had much experience, during 30 years as a real estate broker, in making applications to the Zoning Commission for the rezoning of similar properties from residential to commercial; that he did not know of one such application that had ever been disapproved. The witness concluded that, based upon his knowledge of the decisions of the Zoning Commission over the years regarding land such as is involved in the instant case, he had "no doubt at all but what it would be changed" from residential to commercial. Although there was evidence to the contrary, such testimony was sufficient, in our view, to support a finding of reasonable probability of rezoning, and thus was sufficient to warrant submission of the issue to the commission. The several points made by the Department in this connection constitute argument more properly made to the commission on the issue. There was no error in this respect.

The cause is remanded for further proceedings not inconsistent herewith.