In re WESTCHESTER AVE. IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   June 19, 1908.)

1. EMINENT DOMAIN—PROCEEDINGS TO TAKE PROPERTY—ASSESSMENTS BY COMMISSIONERS—AMENDMENT OF STREET OPENING PROCEEDINGS.

An amendment of street opening proceedings by relocating the lines of the proposed street made while the commissioners of estimate and assessment are considering claims for damages is authorized by greater New York Charter, Laws 1901, p. 408, c. 466, § 974, empowering the court at any time to amend such proceedings, and the commissioners may appraise the damages for taking the new land included within the relocation, without reappointment and a new oath of office, specially where the eliminated lands and the new lands belong to the same person who has appeared in the proceedings before and after the amendment.

2. SAME—COMPENSATION—AMOUNT.

Where the opening of a street consists of widening and establishing a highway by taking a strip 20 feet wide from abutting lands extending back hundreds of feet, and the effect of taking the strip is simply to set the lots so much further back and face them on a wider and improved street, damages for taking the land should be computed on an acreage valuation, instead of a city lot valuation.

3. SAME.

While an owner abutting on an existing highway is entitled to substantial damages for the taking of the fee of the highway for a street, still the requirements on substantial damages is fulfilled by the awarding of a comparatively small sum, and an award of about $100 per each city lot is grossly excessive.

Appeal from Special Term, New York County.

Proceedings by the city of New York for opening Westchester avenue. From an order confirming an award of damages, the city appeals. Modified.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Francis K. Pendleton, Corp. Counsel (Thomas C. Blake, of counsel), for appellant.

James J. Allen, for respondents Watson and others, as trustees.

Philip E. Connell, for respondents Adee and others.

Stephen O. Lockwood, for respondents Episcopal Church of St. Peters.

HOUGHTON, J.   In February, 1901, the board of public improvements of the city of New York adopted a resolution authorizing the institution of proceedings in behalf of the city for the opening and extending of Westchester avenue in the annexed district some miles in length, and a map was filed in accordance with the law. Commissioners of estimate and assessment were duly appointed and qualified on the 31st day of December of that year, and they began the publication of the required notice on the 1st day of February, 1902. While

the commissioners were considering claims, the board of estimate and apportionment, the then legally constituted authority, made certain changes in the location and the laying out of Westchester avenue as it was formerly laid out, and the maps showing these changes were filed in the proper offices on July 29, 1903. These changes consisted of eliminating from the lines of the proposed street certain lands belonging to an adjoining owner and including other lands belonging to the same owner, in the vicinity of the approach to the bridge over the Bronx river, and presumably for the purpose of improving such approach. On the 18th day of August, 1903, and after the filing of the map showing the relocation of the street at the bridge approach, the board of estimate and apportionment adopted a resolution providing that the title to each parcel lying within the lines of Westchester avenue from the Bronx river to Main street (being the whole of the proposed improvement) should vest in the city of New York on the 15th day of October following. On the 31st day of December, 1903, the city, on application to the court, amended its proceedings so as to include the new lands within the lines of the relocated street, and excluding from the proceedings the lands which had been eliminated by the resolution, and to conform to the amended map filed July 29th previous. This order permitting amendment was procured on due publication; no one appearing in opposition. The commissioners were not formally reappointed to appraise these new lands, nor did they take any new oath with respect to them. The lands which were included in the resolution, as well as those which were excluded by it, all belonged to the Watson estate, and prior to the resolution authorizing the change of location, and prior to the amendment of the petition, the Watson estate, through attorneys for its trustees, had duly appeared in the proceeding and continued so to appear after such amendment without any objection. The city also proceeded as though the proceedings were regular and the amendment proper. In December, 1904, the board of estimate and apportionment authorized the commissioners to make separate reports with reference to damage parcels, and they reported a large number, to some of which the city made objection, and, upon the same being confirmed, brings this appeal.

The city insists that the commissioners had no power to appraise the damage for the taking of the new land included in the relocation of the lines of the street according to the amended map, without reappointment and the filing of a new oath of office. We think this contention cannot be upheld. Section 974 of the Greater New York charter (Laws 1901, p. 408, c. 466) expressly provides that the court shall have power at any time to amend street opening or park proceedings upon the prescribed publication of notice and posting, and we think the amendment made came within the authority given by that section. The map showing the amended location of the lines of the street, made under proper resolution, had been properly filed when the vesting resolution was passed on August 18, 1903. It must be assumed that the vesting resolution related to the new location of the street lines as well as to the original location. This resolution being followed by formal amendment which we think was permitted by the law, it must be deemed, so far as the city is concerned with respect to the payment

of interest on any award, that the title vested at the time designated by the resolution. To require the institution of new proceedings on the relocation of the lines of a proposed street, however insignificant, would work great inconvenience and expense, and is peculiarly unnecessary where the eliminated lands and the new lands included belong to the same person, as in the present case, and where that person has appeared in the proceeding before and after the amendment. Our conclusion on this branch of the appeal is that the contention of the city is untenable, and cannot be upheld.

On the merits of the appeal respecting damage parcels Nos. 1, 4, 5, 6, and 2a and 2b, we think the award as to them should not have been confirmed, and that the commissioners preceded on a wholly erroneous theory. The opening and extending of Westchester avenue consisted of widening an old and established highway by taking a strip from the abutting lands on each side, averaging from 15 to 20 feet in width, and the acquiring of title by the city of the bed of the old street. Damage parcels Nos. 1, 4, 5, and 6 embrace lands taken for the purpose of widening, and damage parcels 2a and 2b embrace the bed of the old highway.

The Watson estate, which obtained the awards complained of, owns the abutting lands extending back hundreds of feet, and the commissioners awarded damages on the theory that city lots were taken. No lots were destroyed, for the owner had unlimited lands in the rear to make city lots of proper depth. The effect of taking a strip off the front adjacent to the old highway was simply to set the lots so much further back and face them upon a new, widened, and improved avenue. The assessment of damages should have been on an acreage valuation, instead of a city lot valuation. This erroneous method of computing the value increased the damage awarded by a very large amount, and the court should have refused confirmation.

The awards for the fee of the old highway were also made upon a wrong theory, and were excessive. While an owner abutting upon an existing highway, to the center of which he has title, is entitled to substantial damages for the taking of the fee of the highway by the city (Matter of 173d St., 78 Hun, 487, 29 N. Y. Supp. 205), still the requirement of substantial damages is fulfilled by the awarding of a comparatively small sum. The commissioners awarded about $100 per each city lot. This was grossly excessive, and should not have been confirmed. The remaining parcels included in the appeal embrace damages awarded to respondents Adee et al. and the Episcopal Church of St. Peters for lands and burial privileges taken. We are of the opinion that the awards of the commissioners as to these parcels were correct, and were properly confirmed.

The order should be modified by affirming it as to parcels 127a, 127b, 127c, and 127e; and, as to parcels 1, 4, 5, 6, 2a, and 2b, it should be reversed and the proceedings remitted to the commissioners to make a new award in conformity herewith, with $10 costs and disbursements to the appellant as against the trustees of the Watson estate, and with $10 costs and disbursements each to respondents Adee et al. and the Episcopal Church of St. Peters. All concur.

111 N.Y.S.—23