In the Matter of the Application of THE CITY OF NEW YORK, Petitioner, Relative to Acquiring Title, etc., for the Widening of Fourth Avenue, on its Easterly Side from East Thirty-second Street to East Thirty-third Street, in the Borough of Manhattan, City of New York.

Supreme Court, New York Special Term, May 28, 1925.

Condemnation — measure of damages — proceeding for determination of damages arising from acquisition of title to land for purpose of widening Fourth avenue in city of New York — measure of damages predicated on difference in value of whole parcel and portion remaining after taking, violates State Const. art. 1, § 6 — award must not be made for less than value of property taken — allowance based upon twenty-five per cent of value of Fourth avenue parcel is proper.

A rule for the determination of damages in the acquisition of property acquired in condemnation proceedings by which the measure of damages is predicated

on the difference in the value of the entire parcel and the value of the portion remaining after the taking, which would result in an award to the property owner of less than the fair value of the property actually taken, is improper and in contravention of section 6 of article 1 of the State Constitution, which directs that a property owner must receive just compensation for property taken by condemnation.

The court will not be bound literally either by the so-called Hoffman-Neill rule or the so-called Hoffman rule, which respectively fix the value of a twenty-foot deep lot at thirty-eight and ninety-nine one-hundredths per cent and thirty-one per cent of a full lot. In view of the situation of the parcel, which is one hundred feet deep on Fourth avenue, and the character of the neighborhood, an allowance for the strip taken of twenty-five per cent of the value of its Fourth avenue parcel, one-fifth and the most valuable part of the area taken, is just and proper.

PROCEEDING by city of New York to acquire title to land for purpose of widening Fourth avenue.

*George P. Nicholson, Corporation Counsel [Joel J. Squier* of counsel], for the petitioner.

*Griggs, Baldwin & Baldwin [Martin Conboy* and *David Asch* of counsel], for the claimant.

PROSKAUER, J.:

The claimant owns the unimproved block bounded by Lexington and Fourth avenues and Thirty-second and Thirty-third streets. A twenty-foot strip on the Fourth avenue front is being taken by the city for the purpose of widening that thoroughfare.

The city urges that I fix compensation therefor by estimating the value of the entire square block, then the value of the portion which would remain after the taking, and consider the difference as the value of the property taken. This theory, as stated, would obviously dilute the worth of the more valuable Fourth avenue front by averaging it with the less valuable street and Lexington avenue frontages. This is unjust and untenable. The city urges that in any event I should apply its theory to the parcel 100 feet deep fronting on Fourth avenue.

The constitutional mandate is that the property owner should receive " just compensation " for the property taken. (State Const. art. 1, § 6.)

In *Matter of City of New York* (190 N. Y. 350, 360), CULLEN, Ch. J., writes in disapproving the very claim here made by the city (there a statutory rule attacked as unconstitutional): " * * * but this much we can hold, and I think we should hold, that in no case should an award be made for less than the value of the property actually taken by condemnation."

The theory of the city has implied in it a credit to the city against the property owner of the benefit resulting to the remaining parcel.

The allowance of this credit may not be made because it would result in an award to the property owner of less than the fair value of the property actually taken.

In *Matter of Commissioner of Public Works* (135 App. Div. 561) there was a thirty-five-foot strip taken from the front of six lots on First avenue; in the rear of four of these lots the property owner owned a twenty-five-foot lot; the commissioners placed a different valuation on the strip taken from four of these lots from that taken from the remaining two lots, holding that the property owner was not damaged as much with respect to the four lots because he could throw into the plottage remaining from those four lots the rear plottage of the street lot. The court refused to sustain this view, CLARKE, J., writing (p. 570): " We are dealing with city property, divided into city lots for purposes of taxation and treated as such in every day real estate transactions. It seems to me that when the commissioners arbitrarily destroyed the One Hundred and Twenty-sixth street lot by dividing it into four parcels and tacking each one of those parcels onto the avenue lots so as to create avenue lots of ninety feet in depth instead of sixty-five feet, as they were when the city took the strip of land from the avenue front, they have considered benefits in violation of the rule laid down by the Court of Appeals in *Matter of City of New York* (190 N. Y. 350)."

This claimant should not be paid less for its twenty-foot strip because it happens to own eighty feet in the rear than it would receive if it did not have this additional property. If an adjacent parcel happened to be in different ownership and such owner chanced to have only a twenty-foot strip, there is no reason why such owner should receive more for his twenty-foot strip than the present claimant, merely because he happened not to own property in the rear.

The ultimate question is, simply, what is the value of the twenty-foot strip taken? Analysis of the testimony of the experts leads me to fix the value of the entire block front, one hundred feet deep on Fourth avenue, excluding plottage, at $1,125,000. The claimant's experts value the twenty-foot strip at approximately $443,000 by arbitrarily applying the so-called Hoffman-Neill rule, which fixes the value of a twenty-foot deep lot at thirty-eight and ninety-nine one-hundredths per cent of a full lot. According to the Hoffman rule it would be worth thirty-one per cent of a full lot, with the resulting valuation here of just under $350,000. Both these so-called rules are merely working hypotheses by which real estate appraisers partly guide themselves. Neither is a rule of law and neither can fairly be applied categorically to every kind of property and to every situation. In a neighborhood where a shallow lot may be

advantageously used by reason of the character of the neighborhood, a twenty-foot lot would have far greater value proportionately than it would have in a neighborhood suited peculiarly to large buildings covering substantial areas.  Since the parcel in question is situated in such a neighborhood, it would be unfair to the city to apply either of these rules literally.  I take them into account for guidance in reaching my conclusion based on the evidence and an inspection of the premises, but I do not follow them as dogma.  In the light of all the circumstances I conclude that an allowance for the twenty-foot strip of twenty-five per cent of the value of its Fourth avenue parcel (one hundred feet in depth) is just.  The area taken is one-fifth of the entire area; it is the most valuable fifth (being the frontage), and, by reason of shortening the lots, it diminishes the value of the remaining parcel somewhat more than in proportion to the actual area taken.  I fix the damage at $281,250.