In the Matter of the Application of the CITY OF NEW YORK, Relative to Acquiring Title, etc., to Real Property Required for the Widening of Fourth Avenue, on Its Easterly Side from East Thirty-second Street to East Thirty-third Street, in the Borough of Manhattan, City of New York.

THE CITY OF NEW YORK, Appellant; PARLEX HOLDING CORPORATION, Respondent.

First Department, July 15, 1927.

Municipal corporations — streets — New York city acquired strip twenty feet wide entire length of block in Fourth avenue to widen same — entire block is unimproved and is owned by respondent — true measure of damages is difference in value of entire parcel before and after taking.

The city of New York acquired a strip of land twenty feet wide bordering Fourth avenue, between East Thirty-second and East Thirty-third streets, for the purpose of widening the avenue. At the time the land was acquired the entire block was in one ownership and was unimproved. The difference between the value of the entire block before the acquisition of the twenty-foot strip and its value after said acquisition is the proper measure of damages.

McAVOY, J., dissents, with opinion.

APPEAL by the petitioner, The City of New York, from a final decree of the Supreme Court in favor of the respondent, entered in the office of the clerk of the county of New York on the 24th day of December, 1926, upon the decision of the court rendered after a trial at the New York Special Term.

*Joel J. Squier* of counsel [*George P. Nicholson, Corporation Counsel,* attorney], for the appellant.

*Martin Conboy* of counsel [*David Asch* with him on the brief; *Griggs, Baldwin & Baldwin,* attorneys], for the respondent.

MARTIN, J. The city of New York acquired the fee, in trust for street purposes, of a twenty-foot strip of land, running from East Thirty-second street to East Thirty-third street, borough of Manhattan, being the land taken at such location in widening Fourth avenue to the extent of twenty feet. Title vested in the city July 16, 1924.

Originally the board of estimate and apportionment adopted a resolution that no portion of the cost and expense of the acquisition of title should be borne by the city of New York, all of the same to be assessed upon property benefited. Subsequently this was changed, the borough of Manhattan bearing seventy-five per cent of such cost and expense.

A resolution of May 23, 1924, fixed the area of assessment.

The proceeding was tried before the court, and the sum of $281,250 awarded for the property taken. Objections to the award and assessments were overruled, and this appeal was taken.

The property owned by the claimant constituted a city block or " square," being one parcel 425 feet by 197.5 feet. It was purchased at an auction sale on May 3, 1923, for the sum of $1,600,000. The court allowed $281,250 for the small strip 20 feet by 197.5 feet, taken to widen the said avenue, leaving the remainder of the entire block fronting on Fourth avenue.

Instead of finding the value of the plot before acquisition for street widening and after the taking of the twenty feet, in fee but in trust for street purposes, and allowing the difference as damages, the court took as a basis lots one hundred feet deep on Fourth avenue, fixed a value for them and then gave twenty-five per cent of such value for twenty per cent of the lot. The court proceeded on the theory that, after the taking, there were left short lots only eighty feet deep, and that damages to the lots of eighty feet deep should be allowed.

The owner whose property is taken for public use is to be justly compensated for damages sustained. He is to be made whole, as well off after the taking as he was before. He should not be awarded compensation in excess of his loss on the basis of an imaginary, unnatural or theoretical subdivision of his property not in fact subdivided, or on a false basis of ownership of one lot in fact part of a large plot.

We are here dealing with actualities; there were no short lots left

in this parcel after the taking; the plot left was 197.5 feet by 405 feet, and it was left fronting on Fourth avenue, as before the taking.

The opinion at Special Term contains the following: " In the light of all the circumstances I conclude that an allowance for the twenty-foot strip of twenty-five per cent of the value of its Fourth avenue parcel (one hundred feet in depth) is just. The area taken is one-fifth of the entire area; it is the most valuable fifth (being the frontage), and, by reason of *shortening the lots*, it diminishes the value of the remaining parcel somewhat more than in proportion to the actual area taken. I fix the damage at $281,250." (125 Misc. 133.)

In stating that the " most valuable fifth (being the frontage) " was taken, the court overlooked the fact that the same Fourth avenue frontage still remains.

The court fixed the value of a parcel 100 feet deep fronting on Fourth avenue, before the widening thereof, at the sum of $1,125,000, and then made the award of twenty-five per cent of this sum instead of twenty per cent thereof, partly for the reason that the widening of the street diminished the value of the remaining parcel somewhat more than in proportion to the actual area taken.

The difference between twenty per cent and twenty-five per cent in this instance is the sum of $56,250. It is clear from the opinion that part of the $56,250 was to cover alleged diminished value of remaining lots on the assumption that, after the widening, they would be only eighty feet in depth. The record shows conclusively that the remaining lots in claimant's ownership sustained no such damage.

It should also be observed that the city acquired but the fee in trust for street purposes. It left to the owner and claimant the easements of light and air in the strip taken. On another occasion it is conceivable that such easements might have to be acquired and compensation paid; for example, if an elevated railroad should be built along the land acquired in this proceeding. The same applies to " access," implied from the use, street purposes, for which the fee is obtained in trust. The net result of this proceeding is to set claimant's frontage on Fourth avenue back twenty feet, but to leave it remaining on Fourth avenue. The court, therefore, applied an erroneous rule.

It would seem that the court was led into this error by the testimony of Mr. Cass, the expert for the property owners. The entire block was sold at auction in May, 1923, at $1,600,000. It embraced 80,000 square feet as against less than 4,000 square feet in the twenty-foot strip acquired in trust for street purposes. Mr. Cass' valuation of the part taken was $443,511.25. He also testified that

the value of the Fourth avenue frontage, 100 feet in depth, was $1,137,500. The value fixed by the court was only $12,500 less or $1,125,000. The court followed this witness, who applied what is called the Hoffman-Neill rule.

Mr. Brady, the expert for the city, testified, as is generally known, that the said rule or statement of value is used only for the purpose of arriving at the value of short lots held in separate ownership; and in fact it does not apply to the situation presented here.

It appears that the award of $281,250 is at the rate of $71.20 per square foot. The block was sold at public auction about a year prior to the vesting of title in the city on July 16, 1924, at the rate of $20 per square foot.

By no theory can there be an escape from the actual fact that the block was not by this proceeding deprived of frontage on Fourth avenue; for this is a street widening proceeding and access to said avenue remains. The whole block was unimproved when the twenty-foot strip was taken in trust.

In *Matter of City of New York (Westchester Avenue)* (126 App. Div. 839) the court said: " The Watson estate, which obtained the awards complained of, owns the abutting lands extending back hundreds of feet, and the commissioners awarded damages on the theory that city lots were taken. No lots were destroyed, for the owner had unlimited lands in the rear to make city lots of proper depth. The effect of taking a strip off the front adjacent to the old highway was simply to set the lots so much further back and face them upon a new, widened and improved avenue. The assessment of damages should have been on an *acreage valuation* instead of a city lot valuation. This erroneous method of computing the value increased the damage awarded by a very large amount and the court should have refused confirmation."

The award having been made on an erroneous theory, it cannot be sustained.

The final decree should be reversed and the proceeding remitted to Special Term for a rehearing, with costs of this appeal to the appellant.

FINCH and MERRELL, JJ., concur; McAVOY, J., dissents.

McAVOY, J. (dissenting). The peculiar situation of the plot requires a different method of fixation of the owner's compensation from that which would be applied to a plot in which frontage values were approximately equal all about. Here there is such a disparity in value between the frontages that a consideration of damage loss to the very valuable Fourth avenue lots as 100 feet deep city lots was warranted in estimating such damage.

The fact of common ownership of rear lots which by tacking may make new 100-foot lots is not to be regarded as a reason for reducing the owner's compensation else benefit would be considered to adjoining land in assessing damage which violates the rule. The proofs of amounts for which neighboring lands sold gave basis for the damage awarded and,· therefore, we may not interfere on account of the value fixed.

The claimant is entitled to the actual value of the twenty-foot strip taken. The fact that the remaining plot still fronts on Park avenue is not relevant in fixing that value. The benefit must be paid for in the assessment and should· not be considered in determining damage.

For these reasons I dissent from the prevailing opinion and vote to affirm.

Final decree reversed and proceeding remitted to ·Special Term for a rehearing, with costs of this appeal to the appellant. Settle order on notice.