In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Real Property Required for the Widening of Fourth Avenue on Its Easterly Side from East Thirty-second Street to East Thirty-third Street, in the Borough of Manhattan, City of New York.

Supplemental and amended final decree affirmed, with costs. No opinion. Present — Dowling, P. J., Merrell, Finch, McAvoy and Sherman, JJ.; Finch and McAvoy, JJ., dissent.

FINCH, J. (dissenting). Under the authorities the plaintiff is entitled to the value of the property actually taken in condemnation, which award cannot be reduced by benefit to lands not taken. (*Matter of City of New York*, 190 N. Y. 350, 360). Chief Judge Cullen, speaking for a unanimous court, there says: " but this much we can hold, and I think we should hold, that in no case should an award be made for less than the value of the property actually taken by con-- demnation. In that position the courts of this State will not stand alone, but will have the support of those in the States already enumerated in the first three of Mr. Lewis' classes, and in addition thereto, the courts of Illinois." In the case at bar it is impossible to change the fact that a strip twenty feet in width along Park avenue was the land actually taken. Upon a prior appeal in this case (221 App. Div. 458; affd., 247 N. Y. 569) the question before the court was whether the plaintiff was entitled to consequential damage based upon the theoretical claim that the Park avenue lots were shortened to eighty feet, which did not square with the facts, since the plaintiff still had a depth of four hundred and five feet. Because an award for consequential damage had been allowed by the justice at Special Term, we were compelled to remand the proceedings for a rehearing. Upon this appeal the plaintiff does not claim any consequential damage. It claims, however, to be entitled to an award equal to the value of the land actually taken. To no less than this is it entitled. It appears without dispute that the court found the value of the eight lots fronting on Park avenue to be $1,051,050 and that twenty per cent, or one-fifth, of the land was actually

taken. The court, however, did not allow one-fifth of this value of the award as the value of the property taken, but allowed a sum equal to one-tenth. The fact that the remaining property held by this claimant will still front on Park avenue is not relevant in determining the value of the award for the property taken but only goes to benefit. If in the award an attempt is made to include benefit, we not only produce an inequitable result as between owners of like parcels, one of whom owns contiguous lands, but if, as in the case at bar, there is an assessment for benefit, we also tax the latter owner twice for the same benefit. It follows that the supplemental and final decree should be reversed and that unless the parties can stipulate to amend the decrees to provide for a sum equal to twenty per cent of the value of the Park avenue lots as found by the court at Special Term, there should be a rehearing. McAvoy, J., concurs.