[L. A. No. 14730. In Bank.—October 2, 1934.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Respondent, v. WALTER ALLEN et al., Defendants; HAROLD LLOYD CORPORATION (a Corporation), Appellant.

R. C. Gortner for Appellant.

Ray L. Chesebro and Erwin P. Werner, City Attorneys, Frederick von Schrader, Assistant City Attorney, and Arthur W. Nordstrom, Deputy City Attorney, for Respondent.

SHENK, J.—A petition for hearing in this case was granted in order that further consideration be given to the appellant's contention that the referees, in fixing the amount of damages to be awarded to the appellant, incorrectly computed the value of the strip of land to be taken for the purpose of widening Santa Monica Boulevard. Upon such further consideration of the facts and the arguments of counsel, we are satisfied that the opinion of the District Court of Appeal, Second Appellate District, Division One, prepared by Mr. Presiding Justice Conrey, correctly disposes of the main questions presented on the appeal, and we adopt the same as a portion of the opinion of this court as follows:

"This is a condemnation proceeding in which plaintiff proposes to take from appellant a strip of land for the purpose of widening Santa Monica boulevard, under the Street

Opening Act of 1903. The court approved the award of the referees to appellant of $8,614.00, and entered interlocutory judgment accordingly. Defendant appeals from said interlocutory judgment upon the ground that the amount of the award was not in conformity with the statute, which requires that the court shall find separately, 'the value of each parcel of property sought to be condemned', and that the law entitles the owner to that value.

"Appellant owns approximately 38.6 acres of land, bounded on the south by Santa Monica boulevard, and extending about 800 feet in length along that highway, and about 2,000 feet to the north. The width of the strip of land which is to be taken varies from 33.50 feet at the west end to 33.58 at the east end of the strip. There appears to be no direct evidence of the value which this parcel would have if separately owned, and thus unconnected with the remainder of the tract. This results from the tacit assumption on both sides that a piece of land of such slight depth could not be put to any very valuable use. It seems to be conceded that since the strip to be taken is part of a larger tract under a single ownership, the market value of the strip in question must be ascertained under the operation of some reasonable process whereby its value when considered as part of the entire tract may be ascertained. According to the testimony of witnesses, the tract does not derive its value equally from all parts thereof. The acreage remote from Santa Monica boulevard is of less value than that which is nearer to the boulevard frontage. The land west of this tract (separated therefrom by Selby avenue) has been subdivided into lots having a depth of about 107 feet and running to an alley. Appellant's tract of land is susceptible of similar subdivision. Taking these facts into consideration, and as an aid toward establishment of a valuation for the entire tract, the witnesses, duly qualified as experts on value, gave to the area included in the 800-foot frontage with a depth of 107 feet an estimated value of $1.64 per square foot. To the remainder of the tract they gave a value of $11,000 per acre, or approximately 25c per square foot. Apparently the referees added together the values thus estimated, and thus determined the value of the entire tract, reduced first to a valuation per acre and then to a valuation per square foot. In this manner their valuation

of the strip to be taken was made by considering it as part of the entire 38-acre tract, without giving a controlling force to the value given to the strip when considered as part of the imagined separate parcel having a depth of only 107 feet, and likewise without considering it as an independent, wholly separate parcel. Having arrived at their conclusion in the manner above indicated, the witnesses Butterworth and Crippen (who were two of the three referees) testified that the amount of the award as recommended by them is the fair and reasonable value of the property taken.

■ "When private property is taken by condemnation for a public use, the owner is entitled to receive 'just compensation'. The statute requires that there be found, separately, 'the value of each parcel of property sought to be condemned'. (Street Opening Act of 1903, sec. 10; Deering's Gen. Laws, 1931 ed., Act 8198.) It is contended by appellant that the method adopted by the referees and by the court for ascertaining the value of the parcel to be taken is unsound, and that the value thereof has not been ascertained in accordance with the requirements of the law. The gist of the argument seems to be that, as an element of their computation, the referees have charged against the owner the increased value of the new frontage of appellant's property, on the street when widened. This, appellant claims, was an assessment of benefits, which the law does not authorize. But we think that this argument is itself unsound. The line between the two portions of the tract was arbitrarily chosen. This was a purely mental operation, used by the witnesses for the purpose of analysis of their problem. The ultimate question before them, and the only question which they were authorized to answer was: What is the value of this parcel of land, as it lies before us, being part of an undivided tract under single ownership? We have their answer, which was accepted by the trial court. It does not appear that any rule or principle of law has been violated by the finding of the court, or by the referees and witnesses in the method by which they made their estimate and formed their judgment concerning the value of the property."

■ It is the contention of the appellant that the referees applied a different rule of valuation in the case of the

strip taken from the appellant's 38-acre tract than was applied in the case of the lots of 107-foot depth on the other side of Selby Avenue. This, however, is not the case.

Severance damage was not claimed by the appellant. On the contrary, it is conceded that there is no damage to the remaining portion of the 38-acre tract by reason of the taking of the 33-foot strip, and that the portion remaining will have the same value that it had before the severance. It is not shown that lots 107 feet deep could not be subdivided and sold from the tract after the severance as well as before. No showing is made that any natural barrier or obstacle exists to shorten the depth available for city lots after the severance. Under the facts, as well as from the concession, no severance damage could be claimed.

The appellant relies upon evidence, the admissibility of which is not attacked, that the potential value of the 107-foot depth fronting on Santa Monica Boulevard, if considered separately as city lots, is $1.64 per square foot. It does not question the evidence that the value of the area back of the front 107 feet, if considered alone, is 25 cents per square foot, and that the value of the portion remaining, after the severance, averaged 32 cents per square foot, which is the average value of the entire tract found by the referees and applied by the court in the award of compensation. But the appellant does contend that it is entitled to be awarded the potential value of the strip taken, that is, its value for city lot purposes and not as part of the entire acreage. To comply with the appellant's ·request would be to award indirectly to it severance damage when in fact no severance damage exists. Pursuant to the concession and the fact that no severance damage resulted, the portion of the property retained after the severance has the same value that it had before the taking. The appellant after the severance possesses that value. Assume the aggregate value of the land as an entire tract before the taking computed at 32 cents per square foot to be $500,000, after the taking the appellant retains acreage of the value of $491,386, plus $8,614, the damages awarded, which together make it whole. That is, after the taking the appellant still has the equivalent of $500,000. Should the appellant prevail in its contention that it is entitled to $43,952, instead of $8,614, it would have the value of the retained portion, or

$491,386, plus $43,952, which would leave it in possession of $35,338 more than it had originally. Its receipt of the additional sum of $35,338 could be justified only if damage resulting to the remaining portion by the severance reduced its value to that extent. Inasmuch as no damage occurred by reason of the severance, the result would then be unduly to enrich the appellant at the expense of the other property owners in the district.

The appellant presents no case in this state approving the requested method of computing the value of a portion of a larger tract. In condemnation proceedings in other jurisdictions the method advocated has been rejected. (*In re Westchester Ave. in City of New York,* 126 App. Div. 839 [111 N. Y. Supp. 351, 353]; *In re Fourth Ave. in Borough of Manhattan, City of New York,* 221 App. Div. 458 [223 N. Y. Supp. 525], affirmed 247 N. Y. 569 [161 N. E. 186]; *City of Grand Rapids* v. *Barth,* 248 Mich. 13 [226 N. W. 690, 64 A. L. R. 1507].)

By the award of compensation made herein the appellant has received all the benefit to which it is entitled on account of the element of value arising from the potential use of the 33-foot strip as part of city lots fronting on Santa Monica Boulevard.

The judgment is affirmed.

Curtis, J., Preston, J., Waste, C. J., Langdon, J., and Seawell, J., concurred.