The STATE of Texas, Appellant,

v.

Frank K. MEYER et ux., Appellees.

No. 50.

Court of Civil Appeals of Texas.

Corpus Christi.

June 2, 1965.

Rehearing Denied June 17, 1965.

Waggoner Carr, Atty. Gen. of Texas, Carroll R. Graham and Watson C. Arnold, Asst. Attys. Gen., Austin, for appellant.

M. C. Chiles, F. Russell Kendall, J. D. McDaniel of Vinson, Elkins, Weems & Searls, Houston, for appellees.

SHARPE, Justice.

This is an appeal by the State of Texas from a judgment based upon a jury verdict in a condemnation case which awarded the landowners $1,074,199.50 for 14.9456 acres of land situated on South Post Oak Road in Houston, Texas. The owners and condemnees are Frank K. Meyer and wife, Lucille R. Meyer, appellees herein.

The tract condemned fronts on the east side of South Post Oak Road for a distance of 2618.93 feet, is 240 feet in depth and contains 651,030 square feet. It is located in a rapidly expanding area of southwest Houston, Harris County, Texas, and across South Post Oak Road from Meyerland Plaza Shopping Center. The State's petition purported to take the fee simple title but excluded from the estate to be condemned all the oil, gas and sulphur which can be removed from beneath said land without any right whatever remaining to the owner of such oil, gas and sulphur of ingress or egress to or from the surface of said land for the purpose of exploring, developing, drilling, or mining of the same. Such exception is undisputedly of no value and is not material to this appeal. Said petition further alleged that as to the land abutting on the 14.9456 acre tract taken,

access was not to be denied from such abutting land to the highway intended to be constructed on the tract condemned. The parcel taken was part of a larger tract of 103 acres owned by appellees.

Appellant urges twelve points of error which are replied to by appellees' eighteen counter-points. Appellant's point 1 asserts that the trial court erred in granting appellees' motion in limine whereby the parties were restricted in their interrogation of witnesses, exhibits, evidence and argument so as to refrain from showing or referring to the existence or ownership by appellees of any remainder of lands contiguous to the tract taken by the State. Points 2, 3, 4, 5 and 6 are closely related to point 1 and assert that the trial court erred in excluding the testimony of three State's witnesses and two of its exhibits. Points 7 and 8 complain of the action of the trial court in permitting appellees' witnesses Winsted and Allen to testify over objection concerning the consideration involved in a number of allegedly comparable sales, on the ground that the estate involved in each of said sales was not the same estate as was being acquired by the State of Texas from appellees. Point 9 complains of the action of the trial court in excluding the testimony of appellee Frank K. Meyer, developed by appellant on cross-examination, concerning his attempt to lease or develop a strip of land directly across Beechnut Street from the property being condemned. Point 10 asserts that the verdict and judgment are excessive by at least the amount of $850,000.00 and that a remittitur in such amount should be required as a condition of affirmance of the judgment herein. Point 11 asserts that the trial court erred in refusing to strike the testimony of appellees' witness Winsted, because in arriving at the value of the tract in question he took into consideration the enhancement of the property due to the construction of the improvements in question. Point 12 asserts that the cumulative effect of the errors allegedly shown by appellant's point 1 through 11 amounted to such a denial of appellant's rights as were reasonably calculated to cause and probably did cause the rendition of an improper and excessive verdict and that the judgment should be reversed and the cause remanded for a new trial.

We have concluded that appellant's points should be overruled and the judgment affirmed.

The State's petition for condemnation was presented to the County Judge of Harris County on April 14, 1961, and the award of the Special Commissioners was rendered on May 16, 1961. The State deposited the amount of the Commissioner's award in Court on May 31, 1961, which is the date of taking in this case. Appellees' original objections to such award were filed in the County Court at Law of Harris County, Texas, on May 18, 1961, and their First Amended Objections to such award were filed on March 28, 1963. The last-mentioned pleading contained a number of special exceptions to a Supplemental Petition filed by the State on November 3, 1961. The State also filed its Plaintiff's Original Answer on September 4, 1962 and Plaintiff's First Amended Original Answer on May 16, 1963.

In addition to the pleadings hereinabove mentioned, the appellees, on March 28, 1963, filed two other instruments, one of which was denominated "Admissions" and the other "Motion in limine", all of which will be discussed more fully hereinafter.

Trial of the case began on May 20, 1963, the jury verdict was returned on May 29, 1963, and judgment was rendered and entered on June 14, 1963.

The State's argument under the first six points relates to the exclusion of evidence by the trial court, particularly in granting appellees' motion in limine and in excluding the testimony of three witnesses and two exhibits offered by the State, all as is shown by bills of exception perfected out of the presence and hearing of the jury.

Appellees asserted in their motion in limine that any reference to the remainder of the 103 acre tract owned by appellees, the nature of the improvements to be erected, and the matter of access rights were immaterial to and could not in any respect be considered by the expert witnesses in arriving at their opinion of the market value of the strip of land condemned. Appellant, on the other hand, took the position that such matters may be considered by the expert witnesses, if in their opinion such facts have a material bearing upon the issue of market value of the property acquired by the State, and especially the question of access rights. In particular the State contends that the evidence excluded by the trial court, including the existence and size of the remainder, was admissible for the reasons that (a) the appraisers in reaching their conclusion as to the value of the strip acquired are entitled to value the whole tract and assign such portion or percentage to the strip being acquired as in their opinion is proper, and (b) the ownership of a piece of real estate encompasses a group of rights and where some of such rights are taken and some are not taken it is necessary to show the size and existence of a remainder to properly value the rights not taken.

Appellees counter the said argument of the State with the contention that under the Constitution and laws of this State the benefit accruing to the remainder of a tract of land as a result of the taking of a parcel which was formerly a part of an integrated whole cannot be taken into consideration in placing a value on the parcel actually taken. Appellees further say that it is improper and illegal to appraise and fix the value of the tract of land being condemned at a pro rata or proportionate part of the value of a larger tract from which it is taken prior to the taking with the result that the value of the part taken is less than it would be if valued as a separate tract, particularly when the tract taken is a self-sufficient economic unit.

Appellant says that appellees' last-mentioned contention involves a misconception of the facts in the instant case. Counsel for the State argue here, as in the trial court, that prior to the institution of this condemnation proceeding appellees owned 103 acres which abutted the East Right-of-Way line of Post Oak Road, and their property rights included the right of access to and from said road; that such right of ingress and egress contributed to the value of the entire 103 acres in the opinion of appellant's witnesses; that the petition in condemnation specifically provided that the rights of ingress and egress were not being taken; that, thus, the most important element contributing to the value of the entire tract of 103 acres was not acquired in the proceeding, and the condemnees should not be compensated for this element; that appellees assume that rights are being acquired which actually are not acquired by the State in this proceeding; that such rights were vested in appellees prior to the taking in question and remain in them after the taking; that appellees remained in status quo with respect to such rights; that by virtue of the rulings of the trial court appellees were compensated for such rights of ingress and egress when the same were not actually taken; and, that the result is that appellees received double compensation.

In passing upon appellant's point 1 and the contention that the trial court erred in granting appellees' motion in limine, we must give consideration to the state of the pleadings and the issues which existed at the time such action was taken on April 5, 1963.

On March 28, 1963, appellees filed their written admission, in substance as follows: that appellees owned the land described in the State's Petition for Condemnation; that the State had the right to condemn and appropriate said land; that this condemnation proceeding was legally before the trial court; and that there were no issues to be determined except the market value of the said land as described in the State's plead-

ings. In the same pleading appellees also alleged "It is the purpose of this Admission to eliminate from this cause every issue except the issue as to the market value of the land which the State of Texas seeks to condemn herein and which is described in its statement or petition for condemnation and its supplemental petition on file herein. These defendants herein make all the admissions required by Rule 266 of the Texas Rules of Civil Procedure."

In their motion in limine, also filed on March 28, 1963, appellees alleged that they had waived all right to damages as to the remainder of their land and the sole issue was concerning the market value of the 14.9456 acre tract being condemned; that the fact that they owned additional land adjoining the tract being taken was immaterial as a matter of law to the issue before the court; that the sole purpose for introduction of such fact in evidence would be to prejudice the rights of appellees to recover the market value of their tract being condemned; that in order to avoid such prejudice the State should be restricted in its interrogations, arguments, evidence and exhibits from showing or referring to the remainder of appellees' lands or from attempting to introduce any evidence which would have the effect of attempting to show the jury that the size of appellees' land was just merely being reduced by the taking of the said 14.9456 acres; and that counsel for the State should be so instructed and restricted.

The trial court granted appellees' motion in limine and entered an order in connection therewith which was substantially in accordance with its allegations and prayer. This action is better understood when other proceedings in the trial court on the same date are considered, particularly the sustaining of certain special exceptions urged in appellees' First Amended Objections to the commissioners award levelled against the allegations of the State's Supplemental Petition filed on November 3, 1961. Said

last-mentioned pleading reads in part as follows:

## II.

"The 'part taken' in this suit is 14.9456 acres of land on the East side of South Post Oak Road extending from the South side of Beechnut Street to the North side of Brays Bayou. The 'remainder', is 88.17 acres in size. The Defendants' 'whole property' is 103.-1156 acres in size. The 'whole property' is a large, level, unimproved, cleared tract. The 'part taken' has no exceptional distinguishing characteristics. In other words, the 'remainder' is the same kind of land as the 'part taken'. Post Oak Road is being rebuilt into what is sometimes known as the 'West Loop'. For a large part of its distance the West Loop location is along Post Oak Road."

## III.

"All of the 'part taken' will be used for the new road."

## IV.

"The Defendants will have as much, or more, frontage on the new road as they had on the old road. The Defendants right of access is not being condemned herein: The Defendants will have access to the new road."

## V.

"The issues in this case are and should be substantially as follows:

" '1. From a preponderance of the evidence, what do you find was the market value of the defendant's whole property immediately prior to condemnation?

" '2. From a preponderance of the evidence, what do you find was the market value of the remainder of the defendant's

tract of land immediately after the taking of the part being condemned?

" 'In answering the foregoing special issue No. 2, you are instructed to exclude increase in value, if any, and decrease in value, if any, by reason of benefits or injuries received by defendants in common with the community generally and not peculiar to them and connected with their ownership, use and enjoyment of the particular tract of land from which the part condemned is being taken, and taking into consideration the uses to which the part being condemned would be subjected. * * *

" '3. From a preponderance of the evidence, what do you find was the market value of the defendant's tract of land being condemned immediately before the taking, considering the fact that it was supported by and was a part of the defendant's whole property?' "

### VI.

"To use the usual 'Carpenter case' issues in this case would result in unjust enrichment because a consideration of the 'part taken' 'as severed land' would possibly result in a jury finding based upon the taking of commercial frontage when, as a matter of fact, 'frontage' is merely being moved back by the widening of the street. The issues suggested above would allow 'just compensation' and 'damages' all as provided by the Constitution and laws of this State. ·

WHEREFORE, premises considered, the State of Texas respectfully prays as in its Petition aforesaid; and that Defendants be awarded the difference in the value of the 'whole tract' and the 'remainder', unless such difference is less than the value of the 'part taken', then they should be award-

ed that value; and that it be protected from having to pay more than just compensation or · damages; and for general relief."

The special exceptions of appellees which were sustained by the trial court were based, among other things, on the grounds that the State, by the said Supplemental Petition, was attempting to change the law of this State in a manner which could deprive appellees of the market value of their land which is due them under the Constitutions of the State of Texas and of the United States, and was an attempt to acquire appellees' 14.9456 acres of land without paying just compensation based upon the market value of the land taken; that by describing appellees' "whole property" and "remainder" the State was attempting to inject matters which should not properly be permitted and which would be detrimental and injurious to appellees; that the same was an attempt to inform the jury that appellees owned additional land which was not being taken; that requested special issues have no place in a pleading and the same would advise the jury as to matters of law which are to be determined by the court; that some of the allegations constituted a legal argument; that such allegations attempt to apply a measure of damages contrary to the laws of the State of Texas which would result in an unlawful, unjust and unfair taking of property without due process of law and without paying the market value of the tract being condemned. The trial judge properly sustained such exceptions on the same date he granted appellees' aforementioned motion in limine.

The discussion of appellant's point 1 is closely related to its points 2, 3, 4, 5 and 6, which involve the action of the trial court in excluding the testimony of the State's witnesses Harold Legge (Point 2), O. F. Stork (Point 3), and Victor L. Dailey (Point 4), as well as appellant's exhibits 5 (Point 5) and 6 (Point 6), in connection with its bills of exception.

Appellant's first appraisal witness was Harold Legge. He valued appellees' entire 103 acre tract before the taking at $1,340,000.00, or $13,000.00 per acre, and the 14.9456 acre tract being condemned at $13,000.00 per acre, as a pro rata part of the whole, amounting to $194,300.00. Said witness testified that if access to the remainder of appellees' land was denied the 14.9456 acre tract taken would have one value, and if such access be not taken it would have a different value. His testimony was tied to the proposition that the benefits or damage to the remainder of appellees' property by having or not having access to the new road could and should be considered in placing a value on the tract taken. In response to questions propounded by the Judge out of the presence of the Jury, the witness testified that he would place one value on the tract taken if the owner had no remaining land and another value on it if the owner did have land adjacent to it. The witness testified specifically in response to questions by the Judge as follows:

"THE COURT: Let me ask you this: Are you stating that you have not actually appraised it and couldn't give an opinion on it as one long strip of land, as a single entire complete sole tract of land that had been acquired so that it would leave the man nothing?

"THE WITNESS: Nothing more than just in generally. I haven't made an appraisal of it based on it being on just one piece of property, separate, and a separate strip, under those conditions."

Appellant's second appraisal witness was Victor L. Dailey. His testimony was substantially in accord with that of the witness Legge. He appraised the entire 103 acre tract of land belonging to appellees as one tract and testified that if he had appraised the 14.9456 acre tract of land as a single tract, disregarding the remainder, his appraisal would be different and would have been more, or a higher value. Said witness made it clear that his appraisal for the

State of the parcel taken at the sum of $208,192.00 was not "divorced from any damages or benefits of any kind". Dailey's value of the tract taken was a mathematical proportionate per acreage part of the whole 103 acre tract which he valued at $1,436,400.00. Dailey's testimony, developed on bill of exception, clearly showed that he considered benefits to appellees remaining land, just as Legge did. Dailey and Legge both testified that appellees' property adjacent to Post Oak Road, which is the 14.9456 acres being condemned, was more valuable than the remainder of said property, but both of them averaged in the less valuable property in arriving at their final opinions as to such tract.

■ Appellant's points 3, 5 and 6 involve the action of the trial court in excluding the testimony of Mr. O. F. Stork, Supervisor and Designing Engineer for the Texas Highway Department, and the State's Exhibits 5 and 6 on its Bill of Exceptions. Said Plaintiff's Exhibit 5 is a set of the contract drawings for the construction of the West Loop and South Loop Freeways, including the construction on the tract being condemned and on adjoining tracts. Said Plaintiff's Exhibit 6 is a drawing or plat showing the freeway as proposed going through the Meyer tract, and is the same as Exhibit 5 as to the tracts shown except the scale is different. The said testimony and Exhibits were irrelevant and immaterial and might have been prejudicial to appellees. The trial judge properly excluded the same.

There are three major questions which must be considered in determining appellant's points 1 through 6: (1) Whether the State condemned the fee simple title to the 14.9456 acre tract in question; or, even if it did not, whether the compensation to be paid to the owner, under the conditions, particularly considering the use to be made of the tract taken, would have been the same; (2) whether appellees' rights of ingress and egress to the new roadway can be properly considered in connection with the

condemnation of said 14.9456 acre tract, or if such rights are incident only to the remainder of the 103 acre tract owned by appellees, and (3) whether the 14.9456 acre tract was a self-sufficient economic unit which must be appraised and valued separately without reference to the remainder of the land owned by appellees contiguous to the tract taken.

Examination of the State's pleadings herein clearly establishes that the fee simple title to the surface of the 14.9456 acre tract was condemned by it. The State's Petition for Condemnation reads in part as follows:

" * * * that the State Highway Commission has found and determined that the above described land is suitable for use of such purposes and it is necessary to acquire the fee simple title to said land, as provided by law, as a part of the State Highway System to be constructed, reconstructed, maintained and operated thereon. It is intended to use said land for such purposes. Plaintiff, in the exercise of the police power for the preservation of human life and safety, and under existing laws, has designated said highway as a Controlled Access Highway, and roads are to be built as a part of said highway whereby the right of ingress and egress to or from the remaining property of defendants abutting on said highway is not to be denied. Plaintiff or petitioner is entitled to condemn the fee title in such land for said purposes aforesaid and asks that the same be condemned for such purposes aforesaid; provided, however, there is excluded from said estate to be condemned all the oil, gas, and sulphur which can be removed from beneath said land aforesaid without any right whatever remaining to the Owner of such oil, gas, and sulphur of ingress or egress to or from the surface of said land for the purpose of exploring, developing, drilling, or mining of the same."

· · · · · · · · · ·

PRAYER

"WHEREFORE, the State of Texas respectfully prays that three disinterested freeholders be appointed as Special Commissioners to assess the damages of the owner and file their decision all as provided by law, to the end that plaintiff or petitioner may have a final judgment or decree of condemnation vesting in the State of Texas the fee title to said land, except as above provided as to oil, gas, and sulphur, for writ of possession, for costs of suit, and for such other relief to which it may be entitled."

Other pleadings of the State are to the same effect. During the trial of the case, in response to direct questions from the court and opposing counsel, the leading counsel for the State specifically stated that the fee simple title to the tract in question was being taken. Although the State's pleadings that it was taking the fee simple title to the tract condemned were not amended or changed, the record reflects that counsel for the State argued in the trial court, and argues here, that appellees still have some estate remaining in the tract taken because of the State's position that the right of ingress and egress to appellees' remaining property will not be denied, and that the State was entitled to offer testimony and evidence which would reduce the amount of the award for such reason. Evidence tendered by the State in this case shows that after the taking of the parcel in question there will no longer be any access to Post Oak Road as it existed on the date of taking. According to the witness Stork, the existing Post Oak Road will become the southbound access road to the new freeway, as is shown by Plaintiff's Exhibit 6. The remainder of appellees' property, after the taking of the parcel in question, will have access to a new

north-bound one way access road to the freeway, and, under such conditions, it is not possible to drive from any part of the remainder of appellees' property directly onto the area which was Post Oak Road; the freeway itself is a physical barrier between the old Post Oak Road and appellees' property.

Appellant's argument concerning the fact that the remainder of appellees' land will have access to the new frontage road to be constructed by the State is to be contrasted with the position of appellees to the effect that such rights of ingress and egress are material only insofar as the value of said remainder is concerned. The State concedes that if it had decided or decides in the future, to acquire such rights of ingress and egress to the remainder from appellees, they would be entitled to compensation in a substantial amount, whether acquired voluntarily or by condemnation.

In support of its position that the motion in limine was improperly granted and its proposed testimony and evidence improperly excluded, appellant relies upon the cases of City of Los Angeles v. Allen, 1 Cal.2d 572, 36 P.2d 611 (Sup.Ct., 1934); City of Grand Rapids v. Barth, 248 Mich. 13, 226 N.W. 690, 64 A.L.R. 1507 (Sup.Ct., 1929); and In re Fourth Ave. in Borough of Manhattan, City of New York, 221 App. Div. 458, 223 N.Y.S. 525 (Sup.Ct., Appellate Division, First Dept. 1927; affirmed Per Curiam without opinion, 247 N.Y. 569, 161 N.E. 186), also reported on appeal from second trial, 255 N.Y. 25, 173 N.E. 910. Appellees counter the argument based upon such cases with the contention that in each of them the tract taken was not a self-sufficient economic unit as in this case. They cite as authority for their position the case of Territory of Hawaii by Sharpless v. Adelmeyer, 363 P.2d 979 (Sup.Ct. Hawaii 1961). Appellees concede that a non-self-supporting economic tract, because of its small size, may be valued in relation to the whole in order not to do an injustice to the owner, but contend that such is not the case here.

■ It is clear to us that appellant, in taking the fee simple title to the 14.9456 acre tract of land, has condemned every right which appellees owned in the same (except oil, gas and sulphur, which are of no value and not material under the conditions shown here). The allegation of the State's petition that "the right of ingress and egress to or from the remaining property of defendants abutting on said highway is not to be denied" amounts to no more than a declaration of policy that the State will not condemn a right which appellees already own in the land abutting. Even if the State had only acquired an easement in the 14.9456 acre strip, nevertheless, the owner is entitled to the market value of the fee where such easement deprives the owner of any beneficial use of the land. Thompson v. Janes, 151 Tex. 495, 251 S.W.2d 953 (1952).

■ An abutting owner who does not own the fee in the road has no separate and distinct right in it, the rights of such adjacent owner in the street itself being only the same as that of the general public. The right of ingress and egress from the abutting property is not a property interest in the road but is a property interest incident to and a part of the ownership in the abutting land, and if this latter right is taken, the owner is entitled to compensation therefor. McCammon & Lang Lumber Co. v. Trinity & B. V. R. Co., 104 Tex. 8, 133 S.W. 247, 36 L.R.A.,N.S., 662 (1911).

■ The record herein establishes that the 14.9456 acre tract of land condemned by the State is a self-sufficient economic unit, independently of the remainder of appellees' 103 acre tract. All of the testimony developed on the bills of exception show that such parcel is the most valuable portion of the larger tract. The long-established rule in this State, recognized by both parties herein, precludes the benefit accruing to the remainder of appellees' tract as a result of the taking of the 14.9456 acre parcel which was formerly a part of the integrated whole from being considered in fixing the value of the parcel actually tak-

en. Dulaney v. Nolan County, 85 Tex. 225, 20 S.W. 70 (1892); Travis County v. Trogden, 88 Tex. 302, 31 S.W. 358 (1895); State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194 (1936). The last-cited case is also authority for the proposition that where the landowner does not ask for damages for a decrease in value of his remaining land by reason of the taking of the strip in question, that evidence as to enhancement of the value of the land not taken is inadmissible. See, also, Steele v. City of Anson, 229 S.W. 2d 948 (Tex.Civ.App., 1950, n. w. h.).

■ Even in those jurisdictions and instances where it is held permissible to value the tract condemned as a part of a larger tract from which it is taken, the testimony in this case of the appraisers for the State (Legge and Dailey), which was excluded, would not be proper. In 4 Nichols on Eminent Domain, Sec. 14.231, p. 545, the applicable rule is stated as follows:

"In assessing the value of the land taken as part of the entire tract it is not proper merely to compute the percentage value on the basis of an artificial average unit value for the entire tract unless the actualities of the case accord with such coverage value. It may be that the part taken is the most valuable part of the tract considered from a qualitative point of view. To attribute an average unit value thereto which is based in part on the lower value of the balance of the tract is inequitable to the owner in a double aspect of the situation. It attributes a value to the part taken which is lower than its actual value and it attributes a higher ultimate value to the remainder area than its actual value, thereby reducing his recovery as to both factors below his actual damages."

The case of Territory of Hawaii by Sharpless v. Adelmeyer, 363 P.2d 979 (Sup. Ct. Hawaii, 1961) involved a partial taking where the parcel condemned was a self-sufficient economic unit and the landowners waived the right to recover any dam-

ages which might result to the remainder of their lands and contended that the sole issue was as to the market value of the parcel taken. The court rejected the contention of the condemnor "that when only part of a land under a single ownership is being condemned, the only acceptable method of arriving at just compensation is to value the whole first, then on that basis, assign a value to the part condemned." In holding that it was not necessary in that case to value the part taken as a portion of the entire tract because such rule is inextricably bound up with the determination of severance damages, the court said:

"The rationale for the rule that the land taken must be valued as a portion of the tract of which it is a part and not as if it were standing alone, is that the parcel taken, being generally of limited size or unusual shape, or both, and having no independent use, would have little or no economic value, unless considered in its relationship to the remainder of the tract."

\* \* \* \* \* \*

"Most of the partial taking cases applying the method of valuing the part taken in relation to the entire tract are those involving strips of land which had no real economic or market value standing alone. But where the part taken has an independent economic use with a market value and commanded a higher value as a separate entity, such value has been allowed. Lazenby v. Arkansas State Highway Commission [231 Ark. 601], 331 S.W.2d 705; Wishek Investment Co. v. McIntosh County [77 N.D. 685, 45 N.W.2d 417]."

The Court in Adelmeyer also quoted with approval from Union Ry. Co. v. Raine, 114 Tenn. 569, 86 S.W. 857, wherein it is said:

" '[W]hen a small strip or portion of the land is involved, it ought to be valued at such a price, for the quantity taken, as the jury deemed it would be worth at that place and in that form,

whether that be more or less than the price proven per acre for the whole tract.' "

In this case appellees are selling the 14.9456 acre tract being condemned by the State and they are entitled to be paid for it on the basis of its market value. Appellees are not being required to also sell the 88 acre tract belonging to them abutting on the rear of the tract being condemned, and it would be legally wrong to allow testimony of a per acre price for the tract taken derived by computing a hypothetical sale of the whole 103 acres. Under the testimony of Legge and Dailey the high value ascribed to the old frontage on Post Oak Road is switched over to the new frontage which exists after the taking of the 14.9456 acre tract. This is another way of saying that the remainder of appellees' land is benefitted by the construction of the highway on the part taken. In effect, such testimony is that the new access road adjacent to the remainder of appellees' land gives it a higher commercial and institutional value which it did not have before the taking of said 14.9456 acre tract, and, therefore, appellees are losing only the lower or averaged-out value of the property taken.

It is apparent that the testimony of Legge and Dailey failed to give appellees the market value of their 14.9456 acre tract of land being condemned in this suit. Even the testimony of the State's experts showed that the tract taken was worth considerably more than the remaining acreage of appellees' adjoining property, yet they were unwilling to appraise it without considering such remainder. The trial judge was correct in excluding their proffered testimony under such conditions.

The State, in its Reply Brief herein, places reliance upon the recent decision of the Beaumont Court of Civil Appeals in the case of McFaddin v. State, 373 S.W.2d 259 (1963), writ refused, n. r. e., in support of its first six points. In that case the Court overruled a motion in limine similar to that in

the instant case and admitted testimony relating to the value of the remainder of the tracts not taken in connection with the value of the portions condemned.

The opinion in McFaddin does not supply much detail and the decision seems to rest upon the proposition that no evidence was admitted showing any benefit or enhancement in value to the remainder. However, it appears that several distinctions can be made with reference to the instant case. There was no showing in McFaddin that the 138 foot strip of land involved was an economically self-sufficient tract of land, but on the contrary it appeared that the highest and best use was as a part of the remainder of the land and that it had no special value. In the instant case it was shown that the tract taken (2618.93 by 240 feet) was a self-sufficient economic unit and had extremely high commercial value apart from any uses of any properties to the rear in the remainder owned by appellees. In McFaddin it appeared that all parts of the larger tract out of which the parcels were condemned had substantially the same value, whereas in the instant case the tract taken was undisputedly more valuable than the remainder. In particular, appellees proved that two sewage plants and a garbage collection plant were located near the rear portion of their 103 acre tract. Such evidence demonstrated that the rear portion of said tract was physically, qualitatively and economically different from the 14.9456 acres fronting on South Post Oak Road and far removed from such plants. In McFaddin there was no evidence of enhancement to the remainder directly or by inference, while in this case as has hereinbefore been noted, the effect of the testimony of Legge and Dailey was to inject such factor of enhancement into the case, as well as to water-down the value of the parcel taken by averaging its value with other less-valuable acreage in the remainder of the tract.

■ The trial court correctly granted appellees' motion in limine and properly excluded the testimony of the witnesses

Legge, Dailey and Stork, as well as the exhibits identified and tendered by the last-named witness. Appellant's points 1 through 6 are overruled.

■ Appellant's points 7 and 8 involve the action of the trial court in permitting appellees' witnesses Winsted and Allen to testify over objection concerning twelve sales of properties which appellees contend were comparable to the tract condemned herein and which the State says were not. Appellant's basic position on these points is that said sales were not comparable because the estate involved in each of them was not the same estate as was being acquired by the State of Texas in this proceeding; that in each of said sales, involving frontage on a major thoroughfare in the City of Houston, the right of ingress and egress and the full fee simple title was conveyed and that it necessarily follows that no property rights of any kind were retained by the grantor. Appellant contends that the estate conveyed in each of such allegedly comparable sales was greater than the estate acquired by the State in this proceeding where the rights of ingress and egress to and from the abutting street were not acquired by it. Appellant's points 7 and 8 are not well taken for the reasons hereinbefore given in connection with its points 1 through 6. The State acquired a fee simple title to the surface of the 14.9456 acre tract belonging to appellees, including the rights of ingress and egress to old Post Oak Road, to the west of the property taken, as it existed on the date of taking. The rights of ingress and egress to the remaining property belonging to appellees are incident to and a part of the abutting land and are not material to the value of the tract being taken.

■ Under its point 9 appellant contends that the trial court erred in excluding the testimony of appellee Frank K. Meyer on cross-examination concerning an attempt to lease or develop a strip of land belonging to him directly across Beechnut Street from the 14.9456 acre tract condemned in this case. Such testimony is reflected in a bill of ex-ception taken out of the presence and hearing of the jury. The substance of such testimony was that the witness had turned this particular tract of land over to an agent to lease or develop it during or about the month of April, 1962; that said agent had not been able to lease or develop it or to bring any prospects to Meyer that he wanted. The date of taking in this case was May 31, 1961, almost a year prior to the transaction referred to in such excluded testimony. The State contends, however, that such evidence was admissible to contradict Meyer's earlier testimony given on direct examination to the effect that land values in the area had continued to go up since May 31, 1961. Such testimony was immaterial under the conditions shown to exist here. However, the fact that it was admitted without objection did not authorize appellant by way of rebuttal to put in inadmissible testimony over timely and proper objection. Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379, 382; 1 Wigmore on Evidence, § 15, p. 304 (3rd ed.). The trial court was correct in excluding the testimony mentioned. Appellant's point 9 is overruled.

■ By its point 10 appellant contends that the verdict and judgment are grossly excessive and that a remittitur in the amount of at least $850,000.00 should be required. The jury award and judgment are based upon a value of $1.65 per square foot for the 14.9456 acre tract condemned. Two of appellees' witnesses, Frank Meyer and Duncan Allen, expressed opinions that said tract had a value of $2.00 per square foot. A third witness for appellees, Mr. Robert Winsted, M.A.I., testified, in his opinion, said value was $1.85 per square foot. All of said witnesses were shown to be qualified to express opinions as experts as to such value. Such opinions are amply supported by twelve comparable sales ranging from $1.00 to $3.82 per square foot. The jury was entitled to believe the testimony and evidence offered by appellees and to reject that offered by appellant. The award herein is amply supported by the evidence and the fact that there was a wide range in the testimony concern-

ing the value of the tract taken is not sufficient to demonstrate that the award is excessive or to require a remittitur.

Appellant's point 11 asserts that the trial court erred in overruling its motion to strike the testimony of appellees' witness Robert W. Winsted. Appellant's brief refers us to that portion of the Statement of Facts which reflects the testimony of the said witness on cross-examination by counsel for the State, wherein it was developed that he did not consider two-thirds of another vacant tract immediately south of the tract taken and fronting 3929.10 feet on Post Oak Road as being on the market or available for commercial development because it was under threat of condemnation. Counsel for the State had theretofore developed on cross-examination of appellee Frank K. Meyer, that said other tract was being condemned by the State and was not subject to private uses. There is nothing in the testimony of said witness either before the jury or developed on the bill of exception which shows that his opinion of the value of the 14.9456 tract herein condemned was affected by the fact that said tract to the south was being condemned by the State or by the construction of improvements thereon. Appellant has not demonstrated either the impropriety of that portion of the testimony of the witness Winsted complained of under the point now under consideration nor that harm resulted to it from the same. Appellant's point 11 is overruled.

By its point number 12 appellant argues that the judgment herein should be reversed and the cause remanded for a new trial because the cumulative effect of the errors allegedly shown by its points 1 through 11 amounted to such a denial of appellant's rights as were reasonably calculated to cause and probably did cause the rendition of an improper and excessive verdict. Appellant's position under this point is largely a summary and repetition of its contentions under preceding points of error. We have heretofore held that reversible error is not presented under such points and we

now hold there is no cumulation of errors which would require reversal of the judgment herein.

The judgment of the trial court is affirmed.